UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELLIOTT THOMAS | * | |
|       **Plaintiff** | * | |
| | * | |
| VS. | * | CASE NO.: |
| | * | |
| THE NATIONAL FLOOD INSURANCE | * | Division |
| PROGRAM; DEANNE CRISWELL, in her | * | |
| official capacity as Administrator of the | * | Judge |
| Federal Emergency Management Agency; and | * | |
| ALEJANDRO MAYORKAS, in his official | * | Magistrate |
| capacity as Secretary of the Department of | * | |
| Homeland Security | * | JURY TRIAL DEMANDED |
|       **Defendants** | * | |

**********************************************************************

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiff(s), Elliot Francis Thomas, ("Homeowner"), who files this Complaint against Defendants, the National Flood Insurance Program ("NFIP"); Deanne Criswell ("Administrator"); and Alejandro Mayorkas ("Secretary"). Defendants are collectively referred to as "FEMA" below. Homeowner brings this Complaint on the grounds more fully set forth below:

### I.    Jurisdiction & Venue

1.

This action arises under flood insurance regulations issued by the Federal Emergency Management Agency ("FEMA"); the National Flood Insurance Act of 1968, as amended, ("NFIA"), 42 U.S.C. 4001 *et seq.*; and federal common law.

2.

This breach of contract action involves a federal flood insurance policy that FEMA provided to Homeowner pursuant to the NFIA.

3.

Pursuant to 42 U.S.C. § 4072, federal courts, like this Court, have original and exclusive subject matter jurisdiction over cases involving disputed disallowance or partial disallowance of federal flood insurance claims proceeds, regardless of the amount in controversy.

4.

Federal courts, like this Court, have subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this matter involves an insurance contract that was issued pursuant to the NFIA and thus this matter involves federal questions—including the application of federal statutes and federal regulations.

5.

This Court also has jurisdiction because the parties contractually agreed that Homeowner must bring any claim or claims handling disputes related to the insurance policy in this Court because the insured property (identified more fully below) is located in the Eastern District of Louisiana.

6.

Venue of this action is proper in the United States District Court for the Eastern of Louisiana pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. §1391(c), and 42 U.S.C. § 4072 (2014).

## II. Parties

7.

Homeowner is a person of the full age of majority and is domiciled in St. John the Baptist Parish, Louisiana, and at all times relevant herein was the owner of property located at municipal address 707 Nottingham Road, Laplace, LA 70068-5258.

8.

FEMA is a federal agency under the United States Department of Homeland Security ("DHS") that administers and issues flood insurance policies pursuant to the National Flood Insurance Program ("NFIP") and the NFIA.[1] NFIP is thus a properly named Defendant herein.

9.

The Administrator is a proper party to this action pursuant to 42 U.S.C. § 4072, which authorizes suit against the Administrator of FEMA in his official capacity to assert claims related to the disallowance or partial disallowance of a flood insurance claim. *See also* 44 C.F.R. §§ 61, App. A(1), Section VII(R) and 62.22.

---

[1] In similar cases, FEMA has asserted that the proper defendant for claims arising under the NFIA and the NFIP is the Secretary of the Department of Homeland Security, based upon the Homeland Security Act of 2002, which transferred the functions, personnel, assets, and liabilities of FEMA to the Department of Homeland Security. *See, e.g.,* Memorandum in Support of Federal Emergency Management Agency's Motion to Dismiss at 11-13, Toups v. Federal Emergency Management Agency, No. 2:13-CV-5226-ILRLJCW (E.D. La. Filed Aug. 2, 2013). However, 42 U.S.C. Sec. 4072 provides that plaintiff may bring an action regarding the NFIP against the "Administrator." As of the date of filing, the "Administrator" is defined under the National Flood Insurance Act as the "Administrator of the Federal Emergency Management Agency," 42 U.S.C. Sec. 4004, Administrator Deanne Criswell. Homeowner names both officials as defendants in this Complaint to ensure that the proper party has been named.

10.

The Secretary is a proper party pursuant to section 503 of the Homeland Security Act of 2002, Pub. Law 107-296, 5 U.S.C. §§ 301 *et seq.*, which transferred all functions, personnel, and liabilities of FEMA to the Department of Homeland Security.

### III. Factual Background

11.

In late August 2021, flooding as a result of a hurricane (the "Flood") devastated large sections of Louisiana, causing physical changes and damage to the Homeowner's insured property ("Property"), which is located at municipal address 707 Nottingham Road, Laplace, LA 70068-5258.

12.

The policy at issue is believed to be a Standard Flood Insurance Dwelling Policy ("Policy"), covering the Property.

13.

Homeowner paid all premiums when due and the Policy was in full force and effect at the time of the loss.

14.

The Policy Number is Policy No. 99012870042020.

15.

On the date of the loss, this Flood damaged Homeowner's home and personal property located therein. Homeowner has incurred and/or will incur significant expenses to restore the Property to its pre-flood condition.

16.

Homeowner timely reported these losses to FEMA.

17.

FEMA hired and sent an adjuster to Homeowner's Property, and that adjuster, together with FEMA's approval, prepared a damage estimate and Proof of Loss form that failed to comply with the provisions of the Policy, FEMA's general company claims handling standards, and/or with NFIP claims manuals.

18.

The Homeowner was forced to sign and submit a Proof of Loss to Insurer based on the insurance adjuster's inspection of the Property in order to receive an initial damage assessment payment.

19.

Ultimately, Homeowner realized that numerous covered items had been omitted or underpaid by FEMA.

20.

Because the adjuster's Proof of Loss and FEMA's payments based on it were deficient and failed to adequately compensate Homeowner for all covered losses, Homeowner retained independent experts to evaluate the extent of the flood loss caused by and from flood.

21.

The experts found conclusive evidence that the flood event critically damaged Homeowner's covered property in an amount and scope fare greater than what was found by FEMA's adjuster.

22.

These covered damages were and/or will be thoroughly documented, and valid and timely Proof of Loss and supporting documentation, including a room-by-room, line-by-line, unit cost damage estimate were and/or will be submitted to FEMA for review.

23.

Despite receipt of documentation evidencing FEMA's substantial underpayment, FEMA has unfairly and improperly persisted in denying these claims, which are due under the policy.

**IV. Claim for Relief: Breach of Contract**

24.

Homeowner repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

25.

Homeowner and FEMA entered into an insurance contract when Homeowner purchased and FEMA issued the Policy.

26.

The Policy, at all times relevant and material to this case, provided flood insurance coverage to Homeowner for, among other things, physical damage to their Property by and from flood.

27.

Homeowner fully performed under the contract by paying all premiums when due, satisfying all Policy requirements, and cooperating with FEMA regarding the flood insurance claim at issue in this lawsuit. Homeowner complied with all conditions precedent to recovery by paying all premiums, timely notifying FEMA of loss, and by providing timely and satisfactory

Proof of Loss.

28.

This is an action for damages as a result of FEMA's breach of the Policy, an insurance contract.

29.

The Flood physically changed and damaged the Property.

30.

FEMA materially breached the insurance contract when it wrongly failed to pay Homeowner for damages directly caused to the Property by or from Flood water. FEMA also breached the contract by failing to perform other obligations it owed under the Policy.

31.

By virtue of its various breaches of contract, including its failure to pay Homeowner for Homeowner's covered losses, FEMA is liable to and owes Homeowner for the actual damages Homeowner sustained as a foreseeable and direct result of the breach and all costs associated with recovering, repairing, and/or replacing the covered property in accordance with the Policy, together with interest and all other damages Homeowner may prove as allowed by law.

## V.   Prayer for Relief

**WHEREFORE**, Homeowner respectfully requests that this Court enter judgment in Homeowner's favor for all such amounts Homeowner proves at trial, for expenses, for prejudgment and post-judgement interest as provided by law, as well as all fees and other expense and for all other relief this Court may deem just and proper.

                        Respectfully submitted,
                        **Stephen M. Smith & Associates, LLC**

BY:    */s/ Stephen M. Smith*
            **Stephen M. Smith,** Bar No. 28235
            1425 N Broad Street
            Suite 201
            New Orleans, LA 70119
            Telephone:    (504) 947-1400
            Facsimile:     (504) 947-1100
            Email:        SteveSmithLaw@aol.com
            COUNSEL FOR PLAINTIFF(S)